The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding a housing authority employee's candidacy for a position on a city council. You note that the individual in question is currently employed as a maintenance man by the Housing Authority of Waldron, Arkansas, and that he has filed for a position on the Waldron City Council. You have asked, specifically, whether this scenario would cause a conflict and disqualify the individual from holding the City Council position.
We find no state law proscribing one's service in both of these positions. However, it seems that your question also requires consideration of the practical consequences that may be involved under these circumstances.
Submitted with your request was a letter directed to the Housing Authority Executive Director by Mr. John L. Munday, Chief Counsel to the U.S. Department of Housing and Urban Development, Little Rock Office, Region VI ("Department"). Mr. Munday concludes that a conflict does in fact arise under these circumstances as a consequence of the Annual Contribution Contract ("ACC") entered between the Waldron housing authority and the Department. According to Mr. Munday, the ACC prohibits "[m]embers of the Local Governing Body or other Public Officials" from having any direct or indirect interest in the proceeds of funds derived under the contract. Mr. Munday has concluded that the Housing Authority employee's salary generates a conflict, based upon the assumption that this salary is paid from funds which the Authority receives "through direct ACC payments from this Department." See September 8, 1988 correspondence, attached hereto.
It thus becomes apparent that your question essentially involves the construction of a contract. This is ordinarily a factual matter which this office cannot resolve. However, it must be recognized that Mr. Munday has offered a plausible interpretation of the provision in question.
While it is therefore my opinion that this individual is not precluded as a matter of state law from holding a position on the City Council, it appears that the contract (ACC) referenced in Mr. Munday's correspondence must be considered in this instance. Continued service as a City Council member and as an employee of the Housing Authority would, it seems, arguable constitute a conflict under the contract between the Housing Authority and the Department of Housing and Urban Development. The consequences of such a conflict would, similarly, be governed by the agreement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.